UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL MARTIN,<br><br>  Plaintiff,<br><br>v.<br><br>DEEPROCK MANUFACTURING,<br><br>  Defendant. | Case No. 5:16-cv-02182-HRL<br><br>**ORDER CONDITIONALLY GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 17 |

Ginn & Crosby LLC (Ginn & Crosby) move for permission to withdraw as counsel of record for defendant DeepRock LLC (DeepRock).[1] Defense counsel attests that the firm provided advanced written notice to DeepRock of counsel's intent to withdraw from this matter and that DeepRock authorized Ginn & Crosby to proceed with the present motion. (Dkt. 17-1, Ginn Decl. ¶ 7). The instant motion was also served on counsel for plaintiff, who objects to the requested withdrawal. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the court conditionally grants the motion as follows:

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). "In the Northern District of California, the conduct of

---

[1] DeepRock says that it erroneously was sued as "DeepRock Manufacturing."

counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California." Hill Design Group v. Wang, No. C04-521 JF (RS), 2006 WL 3591206 at *4 (N.D. Cal., Dec. 11, 2006) (citing Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)). Those standards provide that an attorney may seek permission to withdraw under certain circumstances, and that an attorney must withdraw under others. An attorney may seek leave to withdraw if:

> (1) The client
>
>> (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or
>>
>> (b) seeks to pursue an illegal course of conduct, or
>>
>> (c) insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or
>>
>> (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or
>>
>> (e) insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or
>>
>> (f) breaches an agreement or obligation to the member as to expenses or fees.
>
> (2) The continued employment is likely to result in a violation of these rules or of the State Bar Act; or
>
> (3) The inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal; or
>
> (4) The member's mental or physical condition renders it difficult for the member to carry out the employment effectively; or
>
> (5) The client knowingly and freely assents to termination of the employment; or
>
> (6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. Rule of Prof'l Conduct 3-700(C). Withdrawal is mandatory, however, where:

> (1) The member knows or should know that the client is bringing an action,

>     conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; or
>
> (2) The member knows or should know that continued employment will result in violation of these rules or of the State Bar Act; or
>
> (3) The member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively.

Cal. Rule of Prof'l Conduct 3-700(B).

Here, defense counsel avers that at least one of the bases for permissive or mandatory withdrawal apply in this case. (Ginn Decl. ¶ 14). This matter being in its relatively early stages, the court finds that any possible prejudice is minimal. Plaintiff objects solely on the ground that corporate entities cannot proceed without an attorney. While that is true, this court finds sufficient grounds for withdrawal, and therefore grants the motion, <u>subject to the condition that papers may continue to be served on Ginn & Crosby LLC for forwarding purposes, unless and until DeepRock appears by other counsel</u>. Civ. L.R. 11-5(b).

**DeepRock is advised that it may not appear pro se or through its corporate officers, but must retain new counsel forthwith to represent it in this lawsuit**. <u>See</u> Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court"); <u>see also</u> <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); <u>In Re Highley</u>, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law"). Defense counsel represents that defendant has been advised of the scheduled deadlines and appearances in this matter. **DeepRock is further advised that it retains all of the obligations of a litigant, and its failure to retain an attorney may lead to an order striking its pleadings or to entry of its default**.

Ginn & Crosby is directed to serve a copy of this order on DeepRock and to file a proof of

service with the court.[2]

SO ORDERED.

Dated:   September 13, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[2] The court will also send a copy of this order to the address provided by defense counsel as defendant's last known address.

4

5:16-cv-02182-HRL Notice has been electronically mailed to:

Shanti Michaels     smichaels@ginnlaw.com

Steven Whitefield Ritcheson     swritcheson@insightplc.com, patent@hgdlawfirm.com, stenata26@gmail.com

5:16-cv-02182-HRL Notice sent by U.S. Mail to:

Roy Crush
2129 South VW Goodwin Blvd.
Marquez, TX 77865